**Pedro R. ARMENTEROS, Plaintiff,**

v.

**COMMONWEALTH MANAGEMENT CORPORATION et al., Defendants.**

**Civ. No. 9431.**

United States District Court
D. Puerto Rico,
San Juan Division.

May 16, 1958.

L. E. Dubon, A. Torres Braschi, R. Garcia Cintron, Harley A. Miller, San Juan, P. R., for plaintiff.

Gutierrez, Sanchez & Morales, Federico Ramirez Ros, Martinez Alvarez & Cuyar, Jose E. Oller, San Juan, P. R., for defendants.

RUIZ-NAZARIO, District Judge.

Defendants Commonwealth Management Corporation, Cobian Theatres of Puerto Rico Inc., Cobian's Metropolitan Circuit Inc. and National Pictures Corporation have moved for a partial summary judgment dismissing the action insofar as it seeks recovery for alleged damages sustained prior to January 7, 1955, or in the alternative, to dismiss the action insofar as it seeks recovery for damages sustained prior to July 9, 1952. The defendants contend that there is no genuine issue of fact in controversy and that they are entitled to a partial summary judgment as a matter of law, because any action for damages sustained prior to January 7, 1955, is barred either by Art. 1868(2) of the Civil Code of Puerto Rico (31 L.P.R.A. Sec. 5298(2) as it should be applied under Sec. 4B of the Clayton Act, Title 15 U.S.C.A. Sec. 15b or, in the alternative, that all actions for damages prior to July 9, 1952, are barred by the four year statute of limitations introduced into the Clayton Act on July 7, 1955.

Title 15 U.S.C.A. Sec. 15b reads as follows:

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections."

Under the "existing law" on the effective date of the Act, plaintiffs causes of action accruing prior to one year before January 7, 1956, the effective date of the federal statute of limitations were barred, as Art. 1868(2) of the Civil Code (31 L.P.R.A. Sec. 5298(2) provides a one year period of limitation. It is true that this Court on February 1, 1957, denied a reconsideration of a previous order of December 21, 1956, holding that the time fixed by said Art. 1968(2) did not commence to run until the plaintiff had knowledge of the damage. However, a further examination of the authorities, specifically Momand v. Universal Film Exchange, D.C., 43 F.Supp. 996, affirmed in Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, has convinced me that my earlier ruling was in error, and that in determining whether plaintiffs causes of action had accrued the governing law was the federal law giving the cause of action and not Art. 1868(2) of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298 (2). And under federal law, the date of the accrual of the action is the date upon which plaintiff's protected interest is invaded. See Momand case, at page 1006 of 43 F.Supp. Therefore all invasions of plaintiffs protected interest, as set out in the complaint, that occurred more than one year before the filing of the complaint were barred by Art. 1868(2) of the Civil Code (31 L.P.R.A. Sec. 5298(2), and were not revived by the amendment to the Clayton Act of July 7, 1955.

There being no genuine issue of a material fact in controversy as to any and all of the claims so barred, the defendants are entitled to a partial summary judgment, and it is therefore ordered, adjudged and decreed that the above entitled action be and hereby is dismissed as to Commonwealth Management Corporation, Cobian Theatres of Puerto Rico, Inc., Cobian's Metropolitan Circuit, Inc. and National Pictures Corporation insofar as it seeks recovery for alleged damages sustained by plaintiff prior to January 7, 1955.